UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

DEMOND HORTON,

                              Plaintiff,                        **COMPLAINT**

        -against-

THE CITY OF NEW YORK and P.O.s JOHN and JANE      **JURY TRIAL DEMANDED**
DOE #1-10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                              Defendants.
---------------------------------------------------------------X

      Plaintiff DEMOND HORTON, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

### VENUE

4.     Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      Plaintiff DEMOND HORTON is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about August 10, 2011, at approximately 8:00 p.m., plaintiff DEMOND HORTON was lawfully present in the premises known as 105-31 191st Street, in the County of Queens, in the City and State of New York.

14. At aforesaid time and place, defendant police officers entered aforesaid residence without the residents' consent.

15. Defendants ransacked the apartment.

16. Defendants found no contraband in the apartment.

17. Defendants placed plaintiff DEMOND HORTON under arrest, despite defendants' knowledge that they lacked probable cause to do so.

18. Defendants transported plaintiff DEMOND HORTON to the 103rd Precinct of the New York City Police Department in Queens, New York, and from there to Queens Central Booking.

19. Plaintiff DEMOND HORTON was held and detained in custody for approximately forty hours.

20. Defendants initiated criminal proceedings against plaintiff DEMOND HORTON, despite defendants' knowledge that they lacked probable cause to do so.

21. During the period between August 10, 2011 and September 12, 2013, plaintiff DEMOND HORTON was required to make approximately 25 court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

22. On or about September 12, 2013, all charges against plaintiff DEMOND HORTON were dismissed.

23. As a result of the foregoing, plaintiff DEMOND HORTON sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. As a result of the aforesaid conduct by defendants, plaintiff DEMOND HORTON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

32. As a result of the foregoing, plaintiff DEMOND HORTON's liberty was restricted, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants misrepresented and falsified evidence before the District Attorney.

35. Defendants did not make a complete and full statement of facts to the District Attorney.

36. Defendants withheld exculpatory evidence from the District Attorney.

37. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff DEMOND HORTON.

38. Defendants lacked probable cause to initiate criminal proceedings against plaintiff DEMOND HORTON.

39. Defendants acted with malice in initiating criminal proceedings against plaintiff DEMOND HORTON.

40. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff DEMOND HORTON.

41. Defendants lacked probable cause to continue criminal proceedings against plaintiff DEMOND HORTON.

42. Defendants acted with malice in continuing criminal proceedings against plaintiff DEMOND HORTON.

43. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

44. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff DEMOND HORTON's favor on or about September 12, 2013, when all charges against him were dismissed.

### FOURTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. As a result of the aforesaid conduct by defendants, plaintiff DEMOND HORTON's home and possessions were illegally and improperly searched without any probable cause, privilege or consent.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants issued legal process to place plaintiff DEMOND HORTON under arrest.

49. Defendants arrested plaintiff DEMOND HORTON in order to obtain a collateral objective outside the legitimate ends of the legal process.

50. Defendants acted with intent to do harm to plaintiff DEMOND HORTON without excuse or justification.

### SIXTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" as if the same were more fully set forth at length herein.

52. Defendants created false evidence against plaintiff DEMOND HORTON.

53. Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

54. In creating false evidence against plaintiff DEMOND HORTON, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

55. As a result of the foregoing, plaintiff DEMOND HORTON's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and was required to make multiple court appearances, without probable cause.

### SEVENTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants P.O.s JOHN and JANE DOE #1-10 arrested and prosecuted plaintiff DEMOND HORTON in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

58. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

59. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

60. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, a) obtaining no-knock warrants by misrepresenting to judges the reliability of information received from confidential informants; b) entering into premises without having obtained a valid warrant; and c) making arrests without probable cause and/or manufacturing and/or misrepresenting evidence in an attempt to justify the unlawful entries.

61. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated instances of similar wrongful conduct, as documented by the facts asserted in the following civil rights actions filed against the City of New York:

- **Edwin Lopera, et al. v. City of New York,** United States District Court, Eastern District of New York, 03 CV 6441;

- **Ramon Sanchez, et al. v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 1732;

- **Jose Mateo, et al. v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 1733;

- **Matasha Bell v. City of New York,** United States District Court, Southern District of New York, 04 CV 1722;

- **Karen Alicea v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 10249;

- **Tracie Bonneau, et al. v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5207;

- **Donna Grant, et al. v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5203;

- **Reynell Lynch v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 13646;

- **Regina Kitching, et al. v. City of New York,** United States District Court, Eastern District of New York, 06 CV 0364;

- **Dena Galloway-Crawford, et al. v. City of New York,** United States District Court, Eastern District of New York, 10 CV 4915;

- **Jonathan Taylor v. City of New York,** United States District Court, Southern District of New York, 09 Civ. 0403;

- **Deborah Porter, et al. v. City of New York,** United States District Court, Eastern District of New York, 06 CV 5926;

- **Diane Davis, et al. v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 13647;

- **Helen Frederick v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5205;

- **John Saperstein v. City of New York,** United States District Court, Eastern District of New York, 09 CV 0312; and

- **Georgia Shinaul, et al. v. City of New York,** United States District Court, Southern District of New York, 13 Civ. 8615.

62.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff DEMOND HORTON.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DEMOND HORTON as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff DEMOND HORTON as alleged herein.

65. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DEMOND HORTON was falsely arrested and maliciously prosecuted.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff DEMOND HORTON.

67. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff DEMOND HORTON's constitutional rights.

68. The acts complained of deprived plaintiff DEMOND HORTON of his rights:

   A. Not to be deprived of liberty without due process of law;
   B. To be free from seizure and arrest not based upon probable cause;
   C. To be free from unlawful searches;
   D. To be free from unwarranted and malicious criminal prosecution;
   E. To be free from malicious abuse of process;
   F. Not to have summary punishment imposed upon him; and

      G.      To receive equal protection under the law.

69. As a result of the foregoing, plaintiff DEMOND HORTON is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

Dated:      New York, New York
                  February 2, 2014

                                                  _____/s_____
                                                  ROSE M. WEBER (RW 0515)
                                                  30 Vesey Street, Suite 1801
                                                  New York, NY 10007
                                                  (212) 748-3355