FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 29 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEMOND HORTON,

                Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. REYNALDO
ALVAREZ, P.O. PASSERO, P.O. BARR,
P.O. AGUGLIARO, P.O. SULLIVAN,
P.O. WITT, and SGT. DAVID STROM,

                Defendants.
------------------------------------------------------------X

REPORT & RECOMMENDATION
14 CV 717 (ENV)(LB)

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this case alleging civil rights violations by the City of New York, six police officers, and one sergeant. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff, represented by counsel, commenced this action on February 2, 2014. (ECF No. 1.) The case was transferred to me for pretrial supervision on January 12, 2015, when Judge Azrack was elevated to District Judge. On October 16, 2015, the Court granted plaintiff's counsel's request to withdraw as the attorney of record in this matter because she was unable to contact plaintiff to discuss his case. (ECF No. 31.) The Court added plaintiff's address and telephone numbers, as provided by plaintiff's former attorney, to the docket and ordered defendants' counsel and plaintiff, now proceeding *pro se*, to appear for a telephone conference on November 19, 2015 at 1:30 p.m.[1] The Court warned plaintiff that if he failed to appear for the conference, I would recommend that his case should be dismissed as abandoned.

---
[1] The Court scheduled a telephonic conference as courtesy to plaintiff whose mailing address is in Florida.

The Court was unable to contact plaintiff for the November 19, 2015 telephone conference. At the appointed time, the Court telephoned plaintiff at the two numbers listed on the docket and left voice messages for plaintiff at both numbers requesting that he immediately contact chambers so that the Court could initiate the telephone conference. Plaintiff did not telephone my chambers. Defendants' counsel was available at the appointed time and was prepared to proceed. The Court kept defendants' counsel waiting until 2:00 p.m. before calling the case and going on the record.

Following the conference, the Court ordered plaintiff to show good cause in writing by December 23, 2015 why he failed to appear at the November 19, 2015 telephone conference and explicitly warned him if he failed to contact the Court by December 23, 2015, the Court would recommend that this action should be dismissed as abandoned. (ECF No. 33.) Plaintiff failed to contact the Court by December 23, 2015. To date, plaintiff has not contacted the Court.

## DISCUSSION

Rule 41(b) authorizes the district court to dismiss a complaint "[i]f the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute"). All plaintiffs, whether represented or proceeding *pro se*, are "obligated to notify the court when [they] change addresses." Canario-Duran v. Borecky, No. 10-CV-1736(DLI)(LB), 2011 WL 176745, at *1 (E.D.N.Y. Jan. 19, 2011) (citing Concepcion v. Ross, No. 92-CV-770(ILG), 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997)). "[T]he demand that a plaintiff provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." Edwards v. Stevens, No. 11-CV-7329 (PKC)(JLC), 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) (internal quotation marks and citations omitted). Where "a plaintiff fails to provide the Court with his current address, dismissal pursuant to Fed. R. Civ. P. 41(b) without prejudice is appropriate." Id. Indeed, because litigation "cannot proceed

without a current address for the plaintiff," courts have repeatedly held that a plaintiff's "failure to maintain such an address with the Court" is a sufficient ground to dismiss without prejudice for failure to prosecute. Pratt v. Behari, No. 11 Civ. 6167(JGK), 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (involving a plaintiff released from custody); see also Torres v. Yonkers Police Dept., No. 11 Civ. 1819(LTS)(GWG), 2011 WL 2555854, at *2 (S.D.N.Y. June 28, 2011)(collecting cases); Dong v. United States, No. 02 Civ. 7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing a *pro se* litigant's case because the litigant failed to inform the Court of his current address, causing the Court to lose contact with him).

Plaintiff failed to appear for the November 19, 2015 conference and the Court was unable to contact him at the two phone numbers listed on the docket. Plaintiff also failed to contact the Court by December 23, 2015 to show good cause why he failed to appear for the conference and to provide his current contact information. To date, plaintiff has made no contact whatsoever with this Court. The Court has no other contact information for plaintiff other than the Florida mailing address and the two telephone numbers provided by his former counsel. Although the orders sent to plaintiff by the Court have not been returned to the Court as undelivered, the Court was unable to contact plaintiff for the November 19, 2015 telephone conference. Plaintiff has failed to respond to two Court orders. (ECF Nos. 31, 33.) Plaintiff has apparently abandoned the action and it would be futile to allow the case to continue. He has made no effort to prosecute this case since his counsel withdrew, which was precipitated by plaintiff's failure to contact his attorney. I therefore recommend that plaintiff's action should be dismissed without prejudice.[2]

---

[2] The Court notes that under LeSane, "a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane, 239 F.3d at 209. Although a number of cases hold that the Court need only provide an explanation for the dismissal rather than discuss all of the LeSane factors, see Edwards, 2012 WL 3597663, at *2 (citing Torres, 2011 WL 2555854, at *2), the Court notes that plaintiff has not contacted the Court since October 2015 when the Court granted his

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case should be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 41(b) for plaintiff's failure to prosecute.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: February 29, 2016
      Brooklyn, New York

---

attorney's request to withdraw as counsel; plaintiff has been explicitly warned twice that if he failed to contact the Court, I would recommend dismissal; were the case to continue, defendant would be prejudiced by an inability to take discovery of plaintiff; and any lesser sanction would be futile as plaintiff has apparently abandoned the case.